## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TORNELLO PIERCE, ) | |
| ) | |
| Plaintiff, pro se, ) | **RECOMMENDATION AND** |
| v. ) | **CERTIFICATION OF FACTS** |
| ) | **BY UNITED STATES** |
| BROCK & SCOTT, JEREMY WILKINS, ) | **MAGISTRATE JUDGE** |
| WELLS FARGO HOME MORTGAGE, ) | |
| FNB SOUTHEAST MORTGAGE, ) | |
| MICHAEL W. SHELTON, (CHIEF ) | **1:08CV83** |
| FINANCIAL), and JOHN/JANE DOE, ) | |
| ) | |
| Defendants. ) | |

This matter has been referred to the undersigned for a certification of facts as to whether pro se Plaintiff Tornello Pierce should be held in civil contempt or otherwise disciplined by the court for violating the court's pre-filing injunction.[1]

**Findings of Fact Regarding Plaintiff's Violation of this Court's Pre-filing Injunction**

The undersigned makes the following findings of fact, which are certified to the court:

---

[1] When the parties have not consented to the magistrate judge's jurisdiction on a motion for an order to show cause, the magistrate judge must issue a certification of facts to the district court judge and serve the alleged offending person with an order to show cause in a show cause hearing to be held before the district court judge. *See* 28 U.S.C. § 636(e) (2000) (in a non-consent case, a magistrate judge must certify the relevant facts to the district judge and serve the alleged contemnor with an order to show cause before the district judge why he or she should not be held in contempt on the basis of the certified facts).

1. The pending lawsuit by Plaintiff is one of many lawsuits Plaintiff has filed in this court related to his defaulted mortgage loan. *See Pierce v. Wells Fargo Fargo Bank*, 1:05-cv-01164 (filed Dec. 30, 3005); *Pierce v. Ocwen Loan Servicing*, 1:06-cv-00147 (filed Feb. 13, 2006); *Pierce v. Ocwen Loan Servicing*, 1:06-cv-00630 (filed July 24, 2006); and *Pierce v. Wells Fargo Bank*, 1:06-cv-00755 (filed Sept. 7, 2006). All of these prior lawsuits have been dismissed.

2. The most recent of these prior suits, civil action 1:06-cv-755, was dismissed on February 14, 2007. In finding that the suit was "frivolous," this court entered a pre-filing injunction against Plaintiff. The pre-filing injunction Order states in full:

> PLAINTIFF TORNELLO PIERCE IS HEREBY ENJOINED from filing any lawsuits, motions, or additional allegations against Wells Fargo Bank with respect to the validity of the mortgage debt Plaintiff owes to it or allegations against Ocwen Loan Servicing with respect to the mortgages it services, the applicability of the Fair Debt Collection Practices Act, or any other legal theory by which Plaintiff seeks to avoid liability of the aforementioned mortgage debts, unless he seeks and obtains leave from the undersigned or from a United States District Court of competent jurisdiction, after Plaintiff first attaches copies of the entirety of the pleadings from the following cases, *Pierce v. Wells Fargo Bank*, 1:05-cv-01164 (filed Dec. 30, 2005); *Pierce v. Ocwen Loan Servicing*, 1:06-cv-00147 (filed Feb. 13, 2006); *Pierce v. Ocwen Loan Servicing*, 1:06-cv-00630 (filed July 24, 2006), and *Pierce v. Wells Fargo Bank*, 1:06-cv-00755 (filed Sept. 7, 2006), and after Plaintiff submits a detailed written statement explaining why the new lawsuit, motion, or allegation is materially different from those in the foregoing four cases.

(*See Pierce v. Wells Fargo Bank*, 1:06-cv-00755, Order, docket no. 19).

3. Plaintiff filed an Amended Complaint in state court on January 4, 2008, and Defendants removed the lawsuit to this court on February 4, 2008.

4. In the pending lawsuit, Plaintiff has sued Wells Fargo and other Defendants. In this lawsuit, as in Plaintiff's prior lawsuits, Plaintiff disputes the validity of the mortgage debt owed to Wells Fargo.

5. Despite the above-cited Order by this court, Plaintiff filed the current lawsuit without first obtaining leave from this court and without complying with any of the pre-filing conditions set forth in the Order. More specifically, before filing this lawsuit, Plaintiff did not submit a detailed written statement explaining to the court why this lawsuit is materially different from the prior cases discussed in the pre-filing injunction Order, nor did he attach the pleadings from those cases.

6. It appears that Plaintiff has violated the court's pre-filing injunction Order.[2] Plaintiff should, therefore, be ordered to appear before the court to show cause why he should not be held in civil contempt for filing this action in violation of the pre-filing injunction entered against him.

---

[2] To establish civil contempt, the movant bears the burden of proving each of the following four elements by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's "favor"; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that [the] movant suffered harm as a result. *See Summerville v. Local 77*, Civil Action No. 1:06cv719, 2008 WL 3983118, at *3 (M.D.N.C. Aug. 26, 2008) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (citation omitted)).

## Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that the district court enter an Order requiring Plaintiff to appear before the court in order to show cause why he should not be held in contempt for violating this court's prior pre-filing injunction Order.

_____
WALLACE W. DIXON
United States Magistrate Judge

October 14, 2008